**UNITED STATES of America**

v.

**John DOE, Appellant.**

**No. 05–3972.**

United States Court of Appeals, Third Circuit.

Argued: Sept. 27, 2006.

Filed Oct. 16, 2006.

Jerry S. Goldman, Esq. (Argued), Jerry S. Goldman & Associates, Philadelphia, PA, for Appellant.

Roberta Benjamin, Esq. (Argued), Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: McKEE and AMBRO, Circuit Judges and RESTANI *, Judge.

### OPINION OF THE COURT

PER CURIAM.

The Petitioner appeals the district court's denial of his Motion to Vacate, Set Aside, or Correct the Sentence that he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the appeal will be dismissed.

Inasmuch as we are writing only for the parties who are familiar with this litigation, we need not repeat the factual or procedural background. Doe's claim arises from the manner in which time served on his state sentence for a violation of probation was credited to his federal sentence. Accordingly, despite his attempt to frame his argument as an attack on the constitutionality and legality of his federal sentence, he is clearly challenging the execution of his federal sentence, not its legality. Accordingly, his petition should have been filed pursuant to 28 U.S.C. § 2241. *See United States v. Kennedy,* 851 F.2d 689, 690 (3d Cir.1988). As noted above, he seeks relief under § 2255.

A petition under § 2241 must be filed with the federal district court where a prisoner is incarcerated, not where he/she was originally sentenced. *Id.* Although counsel has represented that Doe is currently in the Eastern District of Pennsyl-

vania, it is not disputed that he was not incarcerated there when he filed the instant habeas petition. Rather, he was then incarcerated in North Carolina.

Moreover, a prisoner seeking habeas relief under 28 U.S.C. § 2241 must exhaust administrative remedies before petitioning the district court. *See Kennedy,* 851 F.2d at 691. Petitioner did not exhaust the administrative remedies available to him before filing the instant petition for habeas relief. Accordingly, neither this court, nor the District Court for the Eastern District of Pennsylvania, has subject matter jurisdiction to hear Petitioner's challenge to his federal sentence, and we will therefore dismiss his appeal for lack of jurisdiction.